UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH WHITING,                                 CASE NO: 06-20465

        Petitioner,                        HON. NANCY G. EDMUNDS

vs.

UNITED STATES OF AMERICA,

        Respondent.

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I. INTRODUCTION**

The defendant, Joseph Whiting (hereinafter "defendant"), filed his initial motion pursuant 28 U.S.C. § 2255 on September 30, 2014. The government filed its response on January 20, 2015. The defendant filed a motion to amend his initial filing by adding one additional issue on July 27, 2015. The Government replies to this additional issue below.

**II. STATEMENT OF FACTS AND PROCEDURE**

After a two-month long trial, the defendant was convicted of Count One (RICO), Count Two (Conspiracy to commit RICO), Count Thirteen (Conspiracy to Commit Murder in Aid of Racketeering), and Count Forty-Seven (Receipt and Possession of Stolen Vehicle in Interstate Commerce). The Court sentenced the defendant to 420

months imprisonment on Counts One, Two, and Thirteen and ten years on Count Forty-Seven, all to be served consecutively.

### III. LAW AND ARGUMENT

In order to prevail upon a § 2255 motion, "the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett* v. *United States*, 334 F.3d 491, 496-497 (6th Cir. 2003) (citing *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001)). Relief is warranted "only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffin* 330 F.3d at 736 (citing *Davis* v. *United States*, 417 U.S. 333, 346 (1974)).

Defendant objects in his amended motion that it was error that he was sentenced to 420 months on Count Thirteen since the section of the statute he was convicted of (section 1959 (a)(5) – murder conspiracy) has a statutory maximum of ten years. The defendant is correct.

### **ARGUMENT**

18 U.S.C. § 1959(a)(5) carries a ten year statutory maximum sentence. As such, the sentence of 420 months on that count exceeds the statutory maximum. Consequently, the defendant must be re-sentenced on that count. Thus, the government requests that the Court order a sentencing rehearing for the limited and sole purpose to address this

error in the sentence for Count Thirteen and that an amended judgment be entered after said rehearing.

## CONCLUSION

Consequently, the Government respectfully requests that Defendant's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence as to the first five grounds raised in the initial motion be denied and a limited sentencing rehearing be ordered for the sole purpose of correcting the sentence on Count Thirteen.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney


 /s/ *Christopher Graveline*
CHRISTOPHER GRAVELINE
Assistant U.S. Attorney
211 W. Fort, Suite 2532
Detroit, MI 48226
Telephone: (313) 226-9155
Date: August 21, 2015                    christopher.graveline2@usdoj.gov

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

A copy of this response will be mailed, via first class mail, to:

Joseph Whiting
Federal Correctional Institution - Memphis
P.O. Box 34550
Memphis, TN 38184

|  |  |
|---|---|
|  | /s/ *Christopher Graveline* |
|  | CHRISTOPHER GRAVELINE |
|  | Assistant U.S. Attorney |
|  | 211 W. Fort Street |
|  | Detroit, MI 48226 |
|  | Telephone: (313) 226-9155 |
| Date: August 21, 2015 | christopher.graveline2@usdoj.gov |