UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Whiting,

    Petitioner,

v.

United States of America,

    Respondent.
_____/

Case No. 06-20465

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART PETITIONER'S AMENDED § 2255 MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE [2707]**

This matter comes before the Court on Petitioner Joseph Whiting's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. 2707). For the reasons stated below, Petitioner's motion is GRANTED IN PART and DENIED IN PART. Petitioner's motion is GRANTED only as it relates to his claim that his sentence on Count 13 exceeds the statutory maximum set under 18 U.S.C. § 1959(a). Petitioner shall be re-sentenced on this count. The rest of Petitioner's claims are DENIED.

**I.   Background**

Petitioner was indicted for his involvement in the Highwaymen Motorcycle Club. Following a two-month trial, Petitioner was convicted of RICO, 18 U.S.C. § 1962(c), conspiracy to violate RICO, 18 U.S.C. § 1962(d), conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), and receipt and possession of a stolen vehicle in interstate commerce. 18 U.S.C. § 2313. He was sentenced to 420 months imprisonment on the racketeering counts and 10 years on the remaining count, all to be served

concurrently. The Sixth Circuit affirmed Petitioner's convictions and sentence on September 30, 2013. *United States v. Nagi*, 541 F. App'x 556 (6th Cir. 2013).

Petitioner filed his initial § 2255 motion on September 30, 2014. (Dkt. 2630.) The Government responded on January 20, 2015, (Dkt. 2646), and Petitioner replied on February 10, 2015. (Dkt. 2649.) On August 4, 2015, Petitioner filed a motion to amend his original § 2225 motion to add a new claim. (Dkt. 2706.) He also filed an amended petition adding the additional claim. (Dkt. 2707.) The Court granted Petitioner's motion to amend on August 11, 2015, deemed his amended motion filed as of that same date, and found that the amended motion related back to his original § 2255 motion. (Dkt. 2710.) The Government responded to the new claim on August 21, 2015. (Dkt. 2714.)[1]

**II. Analysis**

Petitioner's amended motion raises six issues. The first five concern the performance of his appellate counsel. Petitioner claims that his appellate counsel was unconstitutionally ineffective: (1) for failing to raise a *Brady* claim on direct appeal; (2) for failing to raise a claim of prosecutorial misconduct on direct appeal; (3) for failing to raise an "incorporated" claim on direct appeal; (4) for failing to raise a unanimous jury verdict claim on direct appeal; and (5) for failing to raise an *Apprendi* claim on direct appeal. Petitioner's final issue concerns his trial counsel. Petitioner claims that his trial counsel was ineffective for failing to investigate a potential "alibi" witness during trial.

**A. Standard**

---

[1] The Court ordered Petitioner to reply to the Government's response on or before September 7, 2015. Because the Government concedes in its response that Petitioner is entitled to the relief he requests in his amended claim, the Court issues this order prior to receiving Petitioner's reply.

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, Petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (internal quotations omitted).

All of Petitioner's claims concern allegations of ineffective assistance of counsel. To establish ineffective of counsel, Petitioner must show that his counsel's performance was both deficient and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. "This standard is highly deferential, and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Mallett*, 334 F.3d at 497 (quoting *id.* at 689). Prejudice requires a showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**B. Petitioner's Appellate Counsel**

Petitioner claims that his appellate counsel was constitutionally ineffective for failing to raise certain arguments on appeal. "Failure of appellate counsel to raise an issue can amount to constitutionally ineffective assistance. However, counsel has no obligation to

3

raise every possible claim, and the decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment." *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004) (internal citations omitted). To prevail on such a claim, Petitioner must demonstrate that the "ignored claim [was] clearly stronger than all of those other claims that were actually presented." *Sullivan v. United States*, 587 F. App'x 935, 944 (6th Cir. 2014). Petitioner also must show a reasonable probability that he would have prevailed on appeal had the claim been raised. *McFarland*, 356 F.3d at 700.

### 1. Failure to Raise *Brady* Claim

Petitioner's first claim is that his appellate counsel was ineffective for failing to present a *Brady* claim on appeal. According to Petitioner, his appellate counsel should have appealed the issue surrounding the disclosure of two paragraphs taken from the FBI's threat assessment involving cooperating witness Doug Burnett. These two paragraphs were not disclosed until after the Government rested its case-in-chief. Petitioner believes that he was prejudiced by this late disclosure because he was unable to use the information in these two paragraphs to impeach Phil McDonald. This issue was the subject of a lengthy argument at trial, (Trial Tr. Vol. 25 at 3-18), where the Court ruled that there was no *Brady* or Jencks violation regarding the disclosure. The Court reiterated this ruling in its order denying Petitioner's Rule 29 Motion. (Dkt. 1584 at 36-37.) Despite ruling that no *Brady* violation had occurred, the Court allowed Petitioner's trial attorney to recall the case agent, Ted Brzezinski, to cross-examine him about the threat assessment.

"A successful Brady claim requires a three-part showing: (1) that the evidence in question be favorable; (2) that the state suppressed the relevant evidence, either purposefully or inadvertently; (3) and that the state's actions resulted in prejudice."

4

*Robinson v. Mills*, 592 F.3d 730, 735 (6th Cir. 2010). "Evidence is deemed material 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner's counsel was not ineffective for failing to raise this issue on appeal. Although the disclosure of these two paragraphs was delayed, they were eventually disclosed to the defense. "*Brady* generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose." *United States v. Kuehne*, 547 F.3d 667, 698 (6th Cir. 2008) (internal quotations omitted). "Delay only violates *Brady* when the delay itself causes prejudice." *United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994). Although Petitioner was not able to cross-examine Phil McDonald with the information in the two paragraphs, he was able to both cross-examine Agent Brzezinski with it and discuss it in his closing argument. There is no reasonable probability that the result would have been different had the two paragraphs been disclosed earlier. Petitioner has accordingly not shown that the delay in the disclosure caused him prejudice. This claim was not "clearly stronger" than the other claims that Petitioner's counsel presented on appeal, *Sullivan*, 587 F. App'x at 942, and Petitioner's counsel acted properly within his discretion to decline to raise it.

### 2. Failure to Raise Prosecutorial Misconduct Claim

Petitioner second claim is that his appellate counsel was ineffective for failing to raise a prosecutorial misconduct claim on appeal. Petitioner argues that the Government fabricated evidence by allowing Phil McDonald and Agent Brzezinski to knowingly perjure themselves in their testimony. "The knowing use of false or perjured testimony constitutes

a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989) (citing *United States v. Bagley*, 473 U.S. 667, 678 (1985)). "In order to establish prosecutorial misconduct or denial of due process, the defendants must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." *Id.* (citing *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir.1986)). "The burden is on the defendants to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony." *Id.* (citing *United States v. Griley*, 814 F.2d 967, 971 (4th Cir.1987)).

Although Petitioner may disagree with the testimony that Phil McDonald and Agent Brzezinski provided, he has failed to show that either perjured himself or that there was a reasonable probability that he would have succeeded on such a claim had his counsel raised it on appeal. His counsel was well within his discretion to decide to not bring this claim.

### 3. Failure to Raise Incorporation Claim

Petitioner's third claim is that his appellate counsel was ineffective for failing to argue an improper incorporation claim on appeal. Petitioner argues that he is entitled to a new trial on Count 13 of the indictment, Conspiracy to Commit Murder in Aid of Racketeering, because it failed to state that Petitioner conspired with "others known and unknown." Petitioner's counsel, however, did make this argument on appeal, and the Sixth Circuit rejected it. *Nagi*, 541 F. App'x at 566. Petitioner argues that his counsel raised an unlawful *variance* claim on appeal, but not an unlawful *incorporation* claim. This argument fails. Petitioner's incorporation argument is based on the same premise as the variance

argument that his counsel did raise, and Petitioner has not shown that the Sixth Circuit would treat it any differently. *See Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) (holding that issue presented on direct appeal could not be relitigated in § 2255 motion "absent exceptional circumstances or an intervening change in case law"). Petitioner's appellate counsel was not ineffective for failing to raise an incorporation claim.

### 4. Failure to Raise Unanimous Verdict Claim

Petitioner's fourth claim is that his appellate counsel was ineffective for failing to raise an unanimous jury claim as to Racketeering Act 8 in Count 1. Petitioner argues that Racketeering Act 8 charges him with either receipt *or* transportation of stolen vehicles, but the verdict form does not specify which act the jury unanimously found he committed. This argument fails to recognize, however, that the government only proceeded against Petitioner under the theory of receipt of stolen property, (Trial Tr. Vol. 25 at 89:12-14 ("Defendant Joseph Whiting, Racketeering Acts 8, Receipt of Stolen Property . . .")), and that the Court instructed the jury that they had to reach a unanimous finding as to which racketeering act each defendant personally committed. (Trial Tr. Vol. 25 at 88:21-25 ("Remember, in order to convict any defendant on Count 1, you must find beyond a reasonable doubt that the particular defendant committed at least two of the above racketeering acts. Your conclusion as to which acts an individual defendant committed must be unanimous, and you must find that he committed at least two acts in which he is charged.")). The presence of this instruction "mitigate[s] the risk of jury confusion and alleviate[s] the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." *United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007). Petitioner's counsel was not ineffective for failing to raise this claim.

### 5. Failure to Raise *Apprendi* Claim

Petitioner's final claim as it relates to his appellate counsel is that he was ineffective for failing to raise an *Apprendi* claim on appeal. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner argues that it was error that he was sentenced to 420 months on Count 13 because it carries a statutory maximum of 10 years.18 U.S.C. § 1959(a)(5). He therefore asks to be re-sentenced on this count. The Government agrees that Petitioner's sentence exceeds the statutory maximum and that Petitioner should be re-sentenced. Accordingly, Petitioner shall be re-sentencing on Count 13.

### C. Petitioner's Trial Counsel

Turning from his appellate counsel to his trial counsel, Petitioner argues that his trial counsel was ineffective for failing to investigate a potential "alibi" witness. Plaintiff supports his argument with a sworn affidavit from Anthony Viramontez that Viramontez "never asked [Phil McDonald] to ask Mr. Whiting for permission to conduct any criminal activities on 7/27/2006" and that Viramontez and McDonald "never discussed criminal activities pertaining to Mr. Whiting, myself, and/or Mr. McDonald." (Dkt. 2630, Ex. E.) Petitioner argues that had Viramontez testified, he would not have been convicted on Count 13.

The failure to file a timely alibi notice or to adequately investigate potential alibi witnesses can be ineffective assistance of counsel. *Clinkscale v. Carter*, 375 F.3d 430, 443 (6th Cir. 2004). However, "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). "[A] lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review." *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005). See also *United States*

8

*v. Luciano*, 158 F.3d 655, 660 (2d Cir.1998) ("The decision not to call a particular witness is typically a question of trial strategy that appellate courts are ill-suited to second-guess."). To succeed in a making a claim for ineffective assistance of counsel due to a failure to call a particular witness, Petitioner must "make an affirmative showing as to what the missing evidence would have been and prove that the witness' testimony would have produced a different result." *Malcum v. Burt*, 276 F. Supp. 2d 664, 679 (E.D. Mich. 2003).

Plaintiff has not made this showing. First, Viramontez is not an alibi witness. An "alibi" is a "defense based on the physical impossibility of a defendant's guilt by placing the defendant in a location other than the scene of the crime at the relevant time." Black's Law Dictionary (10th ed. 2014). Here, Count 13 alleged that Petitioner conspired to kill Doug Burnett "in or about 2006 through in or about 2007." (Dkt. 997 at 25, Second Superseding Indictment.) Viramontez's testimony would not have established an alibi for that time frame. Second, the proffered testimony fails to rebut the additional testimony of murder conspiracy from Christopher Miller. Miller testified that Petitioner, along with Dad Moore and Ronald Hatmaker, stated that they wanted Burnett found and that a picture of Burnett was posted behind the bar of the Highwaymen Clubhouse in Detroit. (Dkt. 1926, Trial Tr. Vol. 12 at 152-55.) Third, the affidavit ignores the likely possibility that Viramontez would have pleaded the Fifth Amendment to not incriminate himself on cross-examination as it relates to his involvement with the Latin Counts. Finally, Petitioner fails to address the role that Viramontez's credibility would have played in trial counsel's strategic decision to not call him as a witness.

For these reasons, Petitioner has not met his burden of overcoming the strong presumption that his trial counsel's conduct fell within "the wide range of reasonable

professional assistance," *Mallett*, 334 F.3d at 497, or that had Viramontez been called as a witness, the result of the proceeding would have been different.

### III. Conclusion

For the foregoing reasons, Petitioner's motion is GRANTED IN PART and DENIED IN PART. Petitioner's motion is GRANTED only as it relates to his claim that his sentence on Count 13 exceeds the statutory maximum set under 18 U.S.C. § 1959(a). Petitioner shall be re-sentenced on this count. The rest of Petitioner's claims are DENIED. Because the records of the case show "conclusively that Petitioner is entitled to no relief" on those claims, 28 U.S.C. § 2255(b), the Court declines to hold an evidentiary hearing on them.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 27, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 27, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager