IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH WHITING,
    Petitioner,

vs.

Case No. 06-20465

UNITED STATES OF AMERICA,
    Respondent.



FILED
SEP 25 2015
CLERK'S OFFICE
DETROIT

REQUEST FOR CERTIFICATE OF APPEALABILITY
PURSUANT TO 28 U.S.C. §2253(C)(1)

JOSEPH WHITING
#43515-039
F.C.I.-MEMPHIS
P.O. BOX 34550
MEMPHIS, TN 38184

1

TABLE OF CONTENTS                              PAGE

INTRODUCTION

ISSUE ON WHICH COA IS SOUGHT

LEGAL STANDARD FOR ISSUANCE ON COA

STATEMENT OF THE CASE

STATEMENT OF FACTS ALLEDGED ON HABEAS CORPUS


(1) Reasonable jurists could differ as to whether the District Court's ruling of the <u>Apprendi</u> error on Count (13) only calls for resentencing on Count (13)


(2) Reasonable jurists could differ as to whether the District Court properly denied the petitioner's <u>Brady</u> claim


CONCLUSION

## TABLE OF AUTHORITIES

Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029 (2003)

Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000)

Barefoot v. Estelle, 463 U.S. 880 (1983)

Lambright v. Stewart, 220 F.3d 102 (9th Cir. 2000)

United States v. Nagi, 541 Fed. Appx. 556 (6th Cir. 2013)

Brady v. Maryland, 373 U.S. 83, 10 Led 2d 215 (1963)

Untied States v. Tavera, No. 11-6175 (6th Cir. 2013)

Fults v. Qualls, 2014 U.S. Dist. LEXIS 42435 (6th Cir. 2014)

Jamison v. Collins, 291 F.3d 380 (6th Cir. 2012)

Montgomery v. Bobby, 654 F.3d 668 (6th Cir. 2010)

## STATUES AND RULES

28 U.S.C. §2253

INTRODUCTION

Pursuant to 28 U.S.C. §2253(C)(1), Appellant Joseph Whiting hereby moves this Honorable Court for the issuance of Certificate of Appealability following the court's order on 28 U.S.C. §2255 without consideration of COA. The said §2255 motion was granted in part and denied in part on August 27, 2015.

ISSUES ON WHICH COA IS SOUGHT

(1) Whether the District Court's ruling of the Apprendi error on Count (13) only calls for resentencing on Count (13)

(2) Whether the District Court properly denied the petitioner's Brady claim

LEGAL STANDARD FOR ISSUANCE OF COA

In the United States Supreme Court decision in Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029 (2003). The Court clarified the standard for issuance of a COA. A prisoner seeking a COA need only demonstrate a substantial showing of the denial of a constitutional right. A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. citing Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000). Reduced to its essentials, the test is met where the petitioner makes a showing that the petitioner should have been resolved in a different matter or that the issues presented were "adequate to deserve encouragement

4

to proceed further." citing Barefoot v. Estelle, 463 U.S. 880 (1983). This means that the petitioner does not have to prove that the district court was necessarily "wrong", just that it's resolution of the constitutional claim is debatable.

We do not require petitioner to prove before the issuance of a COA that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree after the COA has been granted and the case has received full consideration that petitioner will not prevail. As stated in Slack where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(C) is straightforward. The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constiutional claims debatable or wrong.

Applying the above standard for granting a COA, this Court has to acknowledge that the standard is "relatively low". Moreover, because the COA ruling is not an adjudication of the merits that the appeal will succeed. Miller-El v. Cockrell, supra 537 U.S. at 337. Finally, doubts about the propriety of a COA must be resolved in the petitioner's favor. Lambright v. Stewart, 220 F.3d 102 (9th Cir. 2000).

## STATEMENT OF THE CASE

The petitioner was convicted in the United States District Court for the Eastern District of Michigan for R.I.C.O., Conspiracy to violate R.I.C.O., Conspiracy to Commit Murder in aid of racketeering and Receipt and Possession of a stolen vehicle in interstate commerce. The petitioner was sentenced to 420 months on the

5

racketeering counts and 10 years on the remaining counts.

## STATEMENT OF FACTS ALLEDGED ON HABEAS CORPUS

At sentencing, the District Court misapplied the wrong prong of 18 U.S.C. §1959 to the petitioner's sentence. The petitioner was charged and convicted under 18 U.S.C. §1959(a)(5), which has a statutory maximum sentence of ten years. The Court used prong (1) of 18 U.S.C. §1959(a), which has a statutory maximum sentence of Life. This misunderstanding caused the District Court to raise the statutory maximum of 20 years on Counts One and Two because pursuant to 18 U.S.C. §1962 the statutory maximum sentence for a violation of the Racketeer Influenced and Corrupt Organization Act is twenty (20) years <u>unless</u> the violation is based on a racketeering activity for which the maximum penalty includes <u>Life</u> imprisonment. 18 U.S.C. §1963(a). The government conceded that this was a violation and that the statutory maximum sentence on Count 13 (18 U.S.C. §1959(a)(5)) is ten years and that resentencing was warranted <u>but</u> only on Count 13. The District Court used the wrong prong on Count 13 that raised the statutory maximum sentence on Counts One and Two, therefore, the <u>Apprendi</u> error calls for resentencing on Counts One and Two <u>also</u>.

LEGAL ARGUMENT

(1) Reasonable jurists could differ as to whether the District Court's ruling of the <u>Apprendi</u> error on Count (13) only calls for resentencing on Count (13)

In <u>United States v. Nagi</u>, 541 Fed. Appx. 556 (6th Cir. 2013) which is the case at hand, the Sixth Circuit held that the statutory maximum for a violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962, is twenty years unless the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment, 18 U.S.C. §1963(a).

The statutory maximu sentence for R.I.C.O. is twenty (20) years. Also, the statutory maximum sentence for conspiracy to violate R.I.C.O. is twenty years. The petitioner was charged and convicted for conspiracy to commit murder in violation of 18 U.S.C. §1959(a)(5) which has a statutory maximum sentence of ten (10) years. The petitioner sentences should have been no more than twenty (20) years on Counts One and Two and no mroe than ten (10) years on Counts (13) and (47). The District Court committed an <u>Apprendi</u> error when it based the petitioner's sentence on 18 U.S.C. §1959(a)(1) which carries life, then sentence the petitioner to 420 months on Count 13 well above the statutory maximum of ten years. the Court applied the same Life sentence to Counts One and Two to raise the statutory maximum of those counts above twenty (20) years in which the court also issued a sentence of 420 months on thos two counts. The misapplied prong of 18 U.S.C. §1959(a) not only caused a <u>Apprendi</u> error on Count (13) but also on Counts One and Two. The government

7

has conceded to the fact of the <u>Apprendi</u> error but the Court only granted resentencing on Count (13). The failure to correct part of the <u>Apprendi</u> error is a miscarriage of justice. A constitutional error is viewed as a whole. The <u>Apprendi</u> violation consists of three counts, but the Court only addressed one count which is 33% of the error or only a <u>part</u> but not a whole. Resentencing is warranted on all three counts. The facts presented by petitioner can be debatable.

(2) Reasonable jurists could differ as to whether the District Court properly denied the petitioner's <u>Brady</u> claim

On May 20, 2010, during Jury Trial, counsel for the defense adressed the 302 report and the fact that certain pages or paragraphs that came to light at trial were not disclosed to the defnse pursuant to Rule 16 of Rules of Criminal Procedure (F.R.C.P.). The pages that were not disclosed contain impeachment material as to government witness Mr. McDonald (Phil McDonald). These pages were impeachment material. Had the government disclosed this part of the 302 report counsel could have impeached Phil McDonald's as to the fact that Viramontez never asked permission or never asked him to go to Joe Whiting about this matter. In fact at the time that McDonald stated that Viramontez asked him to go talk to Whiting for permission. In <u>Brady v. Maryland</u>, 373 U.S. 83, 10 L. Ed. 2d 215 (1963)(it was held that the suppression of evidence by the prosecution is a violation of Due Process when in fact the evidence was favorable to and requested by the

accused. Where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution). This standard applies also whether the defendant requested the evidence or not. See Montgomery v. Bobby, 654 F.3d 668 (6th Cir. 2010)(The law in Brady applies regardless of whether the defendant has expressly, requested such evidence and encompassed both exculpatory and impeachment evidence). In this respect, the Brady due process rule compliments the criminal defendant's Sixth Amendment right to a trial by an impartial jury and preserves the criminal trial as the chosen forum for ascertaining the truth about criminal accusations. The petitioner is not bound by the due diligence standard anymore. See United States v. tavera, No. 11-6175 (6th Cir. 2013)(The fact that a defendant could have unearthed the exculpatory evidence on his own is no longer viable in wake of Banks v. Dretke, 540 U.S. 668 (2004).

    The government has no good reason for not disclosing the impeachment material which is also covered under Brady. See Fults v. Qualls, 2014 U.S. Dist. LEXIS 42435 (6th Cir. 2014)(The Brady doctrine encompasses impeachment material. Giglio v. United States, 405 U.S. 150, 31 L. Ed. 2d 104 (1972). For a Brady claim, the petitioner must prove (1) that the evidence was favorable to him; (2) that it was suppressed (whether intentionally or not) by the government; and (3) that prejudice ensued. See Jamison v. Collins, 291 F.3d 380 (6th Cir. 2002).
The Court's cure for this Brady violation was to call Agent Brzezinski back to the stand and re-examine him when the impeachment evidence was against the government witness McDonald.

9

The petitioner was denied the opportunity to impeach Phil McDonald in violation of Brady. This claim is arguably debatable. Reasonable jurists, as in the Sixth Circuit and the Supreme Court, has ruled in the petitioner's favor in this matter. See Brady and Giglio.

## CONCLUSION

Based on the foregoing, the petitioner should be granted a COA on the issues designated herein.

Date: 9 /18/2015

Respectfully Submitted,

*Joseph W*

JOSEPH WHITING
#43515-039
F.C.I.-MEMPHIS
P.O. BOX 34550
MEMPHIS, TN 38134

CERTIFICATE OF SERVICE

I, Joseph Whiting, certify that on 9/18/2015, I mailed a copy of the Request for Certificate of Appealability via first class mail prepaid to the following:

US Attorney Office
Barbara L. McQuade
211 W. Fort St #2001
Det MI 48226

Office of the Clerk
US District Court
231 Leverette St.
Det MI 48226

I, Joseph Whiting, certify under the penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Date: 9/18/2015

Respectfully Submitted,

*Joseph W.*

JOSEPH WHITING
#43515-039
F.C.I.-MEMPHIS
P.O. BOX 34550
MEMPHIS, TN 38134