UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH WHITING,

    Defendant.
                                       /

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER TRANSFERRING DEFENDANT'S SECOND OR SUCCESSIVE 28 U.S.C. § 2255 MOTION TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT [2827]**

Defendant Joseph Whiting moves for the second time under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons that follow, this Court transfers Defendant's § 2255 motion to the Sixth Circuit for a determination of whether Defendant has established the requirements to have this Court consider another § 2255 motion.

**I.**  **Background**

In 2010, a jury convicted Defendant of the following: (Count One) substantive racketeering; (Count Two) conspiracy to commit racketeering; (Count Thirteen) conspiracy to commit murder in aid of racketeering; and (Count Forty-Seven) receipt and possession of stolen vehicles. (Dkt. 1470.) This Court then sentenced Defendant to 420 months on Counts One, Two, and Thirteen, and 10 years on Count Forty-Seven, to be served concurrently. (Dkt. 1854, at 3.) On direct appeal, the Sixth Circuit affirmed. *United States v. Nagi*, 541 F. App'x 556 (6th Cir. 2013). The Supreme Court denied Defendant's petition for certiorari. (Dkt. 2517.)

In September 2014, Defendant filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (Dkt. 2630.) Defendant then sought leave to amend his motion, which the Court granted, and Defendant filed an amended motion in August 2015. (Dkt. 2706; Dkt. 2710.) As amended, the motion argued that Defendant received ineffective assistance from both his trial counsel and his appellate counsel. Defendant argued that trial counsel was ineffective for failing to call Anthony Viramontez as an alibi witness. He argued that appellate counsel was ineffective for failing to argue that: (1) the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the prosecutor knowingly permitted perjured testimony that Whiting was involved in a conspiracy to kill Doug Burnett; (3) the Government failed to properly incorporate and identify all of the alleged coconspirators regarding the conspiracy to commit murder; (4) the Government failed to ensure a unanimous jury verdict on his conviction for receipt of stolen vehicles; and (5) his sentence on Count Thirteen was invalid in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

On August 27, 2015, this Court entered an order granting in part and denying in part Defendant's amended § 2255 motion. (Dkt. 2717.) The motion was granted only as to Defendant's claim that his sentence for his conviction on Count Thirteen exceeded the statutory maximum, and this Court ordered that he would be resentenced on that count. (*Id.* at 8.) The rest of his claims were denied. (*Id.* at 3-9.) On December 17, 2015, this Court resentenced Defendant on Count Thirteen to 10 years, to run concurrently with his other sentences. (Dkt. 2760, at 3.) All other convictions and sentences remained the same, including the 420-month sentences on Counts One and Two. (*Id.*) Defendant again appealed, reasserting his claims that appellate counsel was ineffective for failing to assert

*Apprendi* and *Brady* claims. (*See* Dkt. 2782.) The Sixth Circuit affirmed, concluding that "the district court did not err when it partially denied Whiting's § 2255 motion." (*Id.* at 2.)

Then, on December 21, 2016, Defendant filed a new § 2255 motion. (Dkt. 2827.) Since then, he has submitted several additional filings. He has filed two motions to amend the new § 2255 motion, as well as a proposed amended § 2255 motion. (Dkt. 2856; Dkt. 2857; Dkt. 2879.) Additionally, he has filed notices of joinder in the arguments raised in the respective § 2255 motions of his co-defendants, Gary Ball and Leonard Moore. (Dkt. 2837; Dkt. 2878.) Finally, Defendant has moved for discovery. (Dkt. 2877.) The Government has responded to Defendant's § 2255 motion, arguing that it should be transferred to the Sixth Circuit for a determination of whether Defendant may file a second or successive § 2255 motion. (Dkt. 2836; Dkt. 2865.)

**II.   Analysis**

28 U.S.C. § 2255(h) provides that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals[.]" In *Magwood v. Patterson*, the Supreme Court examined the meaning of "second or successive" for the purposes of 28 U.S.C. § 2254(b). 561 U.S. 320 (2010). While this case involves a § 2255 motion, rather than a § 2254 petition, lower courts have decided that "the rule stated in *Magwood* applies to § 2255 motions." *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010); *see also Kramer v. United States*, 797 F.3d 493, 501-02 (7th Cir. 2015) (interpreting *Magwood* in the context of § 2255); *In re Lampton,* 667 F.3d 585, 588 (5th Cir. 2012) (noting that the phrase "second or successive" is a "term of art" that carries "the same meaning in both provisions").

3

The facts in *Magwood* were as follows. After a state court sentenced Billy Magwood to death, he filed a § 2254 petition in the federal district court. 561 U.S. at 326. The district court granted his petition, upholding his conviction but vacating his sentence based on an error committed during sentencing. *Id.* The state court then held another sentencing proceeding and re-imposed the death penalty. *Id.* Subsequently, Magwood filed another § 2254 petition, challenging the new sentence. *Id.* at 328. The question for the Supreme Court was whether this petition was "second or successive" under § 2254. *Id.* at 330.

The Court decided that the later petition was not "second or successive" because the re-imposition of the death penalty constituted a new, intervening judgment. *See id.* at 342. The Court explained that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 333. And, when there is a "new judgment intervening between the two habeas petitions," the petition "challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341-42.

The Sixth Circuit has since applied *Magwood* in a variety of contexts. Its most relevant decision appears to be *In re Stansell*, 828 F.3d 412 (6th Cir. 2016). There, after noting that the petition in *Magwood* followed the invalidation of an *entire* sentence, the Sixth Circuit turned to the § 2254 petition currently before it, which had followed a *partial* resentencing that *added* five years of post-release control.[1] *Id.* at 416. The court asked: "Does this partial resentencing create an intervening judgment that permits Stansell to raise challenges to his (undisturbed) conviction, his (undisturbed) term of incarceration, and his

---

[1] Post-release control is "'a period of supervision by the adult parole authority after a prisoner's release from imprisonment' during which the individual must comply with certain conditions." *In re Stansell*, 828 F.3d at 414 (quoting Ohio Rev. Code § 2967.01(N)).

4

(new) term of post-release control?" *Id.* "Yes," the court decided. *Id.* "Because a new custodial sentence means a new judgment for purposes of § 2254, Stansell's partial resentencing restarted the second or successive count." *Id.* at 416-17.

The Sixth Circuit then closed with significant caveats. First, it stated that "we do not imply that *any* change to a petitioner's sentence reopens the door to successive habeas filings; we hold only that a partial resentencing that results in the imposition of post-release control is the *type* of change that creates a new judgment for purposes of the second or successive bar." *Id.* at 419 (emphasis in original). The court added: "That is because this type of change alters the sentence 'pursuant to' which the petitioner is 'in custody.'" *Id.* (quoting 28 U.S.C. § 2254(a), (b)(1)). Furthermore, the court clarified that it was *not* deciding what happens when a court "vacates the sentence on one of the petitioner's counts but continues to hold him in custody under the sentence imposed on another." *Id.* The ensuing citations documented a circuit split as to whether vacating convictions or sentences on one count of a multi-count indictment resets the "second or successive" motion count. *Id.* at 419-20 (collecting cases).

Interpreting the import of these caveats, this Court concludes that when it resentenced Defendant after his first § 2255 motion, it did not produce a "new custodial sentence," for it did not "alter[] the sentence 'pursuant to' which [he] is 'in custody.'" *Id.* at 419. All of Defendant's convictions were undisturbed, and, while the concurrent 420-month sentence on Count Thirteen was reduced to 10 years, the concurrent 420-month sentences on Counts One and Two survived. As a result, the Court finds that Defendant's new § 2255 motion constitutes a "second or successive" motion.

5

*In re Lampton*, a decision from the Fifth Circuit involving similar facts, supplies persuasive authority for this conclusion. 667 F.3d 585. There, a jury convicted Billy Lampton of six offenses, and the district court sentenced him to life imprisonment on two of those counts, to be served concurrently. *Id.* at 586-87. Lampton then filed a § 2255 motion, which the district court granted in part. *Id.* at 587. Finding that one of the life sentences resulted from a conviction that violated the prohibition against double jeopardy, the district court vacated one of the life sentences and denied the rest of Lampton's claims for relief. *Id.* Subsequently, Lampton filed another § 2255 motion and argued that it was not second or successive because it was the first to challenge his amended judgment of conviction. *Id.* The Fifth Circuit rejected that argument because he sought "to challenge the same judgment of conviction that was the subject of his first § 2255 petition." *Id.* at 589. The court explained that "Lampton's prior § 2255 petition did not yield a new judgment of conviction" because he was "still serving the same life sentence." *Id.* Here, Defendant is similarly serving the "same [] sentence" following the partial success of his first § 2255 motion, so this Court follows *In re Lampton* in concluding that Defendant's prior motion "did not yield a new judgment of conviction." *Id.*; *see also Kramer*, 797 F.3d at 501-02 (affirming the district court's characterization of a § 2255 motion as successive, even though the previous § 2255 motion resulted in the vacatur of one of the movant's convictions and sentences).

Contrary decisions by the Ninth and Second Circuits, which *In re Stansell* cited as evidence of the circuit split, share less in common with this case and are therefore less persuasive. In *Wentzell v. Neven*, Christopher Wentzell pled guilty in state court and was

6

"sentenced to serve 10 years in state prison on Count I, 20 years on Count II, and 10 years on Count III, all sentences to run *consecutively*." 674 F.3d 1124, 1125 (9th Cir. 2012) (emphasis added). Wentzell then filed a § 2254 petition, and the federal district court "ordered that the judgment of conviction be amended to dismiss Count I and the sentence under Count I." *Id.* This left Wentzell with a sentence of "20 years on Count II and 10 years on Count III, to be served *consecutively*." *Id.* (emphasis added). After the state court entered the amended judgment, Wentzell filed another § 2254 petition, and the Ninth Circuit held that it was not "second or successive" under *Magwood*. *Id.* Returning to the matter before this Court, there is a crucial difference between this case and *Wentzell*. Here, unlike in *Wentzell*, Defendant's sentences were to run concurrently, so the reduction in his sentence on Count Thirteen did not "alter[] the sentence 'pursuant to' which [he] is 'in custody.'" *In re Stansell*, 828 F.3d at 419.

As to the decision by the Second Circuit, it is unpersuasive because the respondent in that case conceded that the later petition was not successive. *Johnson*, 623 F.3d at 46 n.6. Here, the Government has persuasively pressed its position that Defendant's § 2255 motion should be considered successive in light of *In re Stansell*'s explicit caveats.

Nor does a case cited by Defendant, *In re Powell*, 2017 U.S. App. LEXIS 1032, No. 16-3356 (6th Cir. Jan. 7, 2017), compel a different result. There, after the federal district court dismissed Cedric Powell's first § 2254 petition, the state court of appeals vacated the state trial court's imposition of post-release control. *Id.* at 1. Powell then filed another § 2254 petition, which the federal district court transferred to the Sixth Circuit for authorization. *Id.* The Sixth Circuit held that Powell did "not need authorization to file a

successive habeas petition" in light of *Magwood* and *In re Stansell*. *Id.* at 2. *In re Powell* is distinguishable. There, as in *In re Stansell*, the petitioner received a "new custodial sentence" because the order between his petitions altered whether he was subject to post-release control. 828 F.3d at 417. Here, as discussed above, Defendant's resentencing did not alter the sentence under which he is in custody.

### III.  Conclusion

For the foregoing reasons, this Court finds that Defendant's December 21, 2016 motion is a second or successive § 2255 motion, and it ORDERS that the Clerk of the Court TRANSFER the motion to the Sixth Circuit for a determination of whether Defendant has established the requirements to have this Court consider a second or successive § 2255 motion.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  July 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 25, 2017, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager