UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOSEPH WHITING, D-20,

       Defendant.

_____/

Case No. 06-cr-20465

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [2827]; DENYING MOTIONS TO AMEND § 2255 MOTION AND MOTIONS FOR JOINDER [2837, 2856, 2878, 2879, 2965, 2967]; DENYING MOTION TO COMPEL [2877]; AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Before the Court is *pro se* Petitioner Joseph Whiting's motion to vacate, set aside, or correct his sentence, brought under 28 U.S.C. § 2255. (ECF No. 2827.) The Government filed a response in opposition to Petitioner's motion and Petitioner filed a reply. (ECF Nos. 2982, 2984.) Also before the Court are several motions filed by Petitioner to amend his § 2255 motion, Petitioner's motions for joinder with motions filed by other defendants in his trial group, and Petitioner's motion to compel the production of evidence. (ECF Nos. 2837, 2856, 2878, 2879, 2965, 2967, 2877.) The Court is familiar with the previous proceedings and has thoroughly reviewed the record. The motion, briefs, and records conclusively show Petitioner is not entitled to relief and an evidentiary hearing on this matter is not necessary. *See* 28 U.S.C. § 2255(b). For the reasons that follow, Petitioner's motions are DENIED.

1

I.     **Background**

Petitioner Joseph Whiting is the former National President of the Highwaymen Motorcycle Club ("HMC"), a multi-state outlaw motorcycle gang with its national headquarters in Detroit, Michigan. *See United States v. Nagi*, 541 F. App'x 556, 576 (6th Cir. 2013). In 2009, Petitioner was indicted for activities related to HMC. (ECF No. 198, 997.) After a lengthy trial, a jury convicted Petitioner of four counts: Count One, racketeering in violation of 18 U.S.C. §§ 1962(c) and 1963(a); Count Two, conspiracy to commit racketeering in violation of 18 U.S.C. §§ 1962(d) and 1963(a); Count Thirteen, conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); and Count Forty-Seven, receipt and possession of stolen vehicles in violation of 18 U.S.C. § 2313. (ECF No. 1470.) This Court sentenced Petitioner to 420 months on Counts One, Two, and Thirteen, and 120 months on Count Forty-Seven, all to be served concurrently. (ECF No. 1854.) Petitioner appealed his sentence and the Sixth Circuit affirmed. *Nagi*, 541 F. App'x at 577. The Supreme Court denied a petition for certiorari. (ECF No. 2517.)

In September 2014, Petitioner filed his first § 2255 motion to vacate, set aside, or correct his sentence. (ECF. 2630.) He moved to amend his motion in August 2015 and the Court allowed the amendment. (ECF Nos. 2706, 2710.) In his amended motion, Petitioner argued that he received ineffective assistance from both his trial and appellate counsel. (ECF No. 2707.) He claimed his trial counsel was ineffective for failing to call an alibi witness. (*Id.*) He accused his appellate counsel of being ineffective for failing to raise a *Brady* claim, failing to raise a claim of prosecutorial misconduct, failing to raise an "incorporation" claim, and failing to raise a unanimous jury verdict claim. (*Id.*) In addition,

2

Petitioner argued that his sentence on Count 13 was invalid in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*Id.*)

The Court granted in part and denied in part Petitioner's § 2255 motion on August 27, 2015. (ECF No. 2717.) The motion was granted as to Petitioner's claim that his sentence on Count 13 exceeded the statutory maximum, but was denied in all other respects. (*Id.*) Petitioner appealed and the Sixth Circuit affirmed this Court's decision. (ECF Nos. 2717, 2782.)

On December 17, 2015, this Court resentenced Petitioner on Count Thirteen. An amended judgment was entered on December 21, 2015. (ECF No. 2760.) Petitioner did not file a direct appeal. Petitioner filed the present § 2255 motion exactly one year after the Amended Judgment was entered, on December 21, 2016. (ECF No. 2827.) In his motion, Petitioner raises four claims: (Ground One) the Government did not have jurisdiction to prosecute him for conspiracy to commit murder in aid of racketeering as alleged in Count Thirteen; (Ground Two) this Court should have presented the jury with a special interrogatory following the guilty verdict so that the jury could determine whether the life enhancement under 18 U.S.C. § 1963(a) applied; (Ground Three) this Court failed to instruct the jury on an essential element of receipt and possession of stolen vehicles as charged in Count Forty-Seven, namely that the vehicle was in the "stream of interstate or foreign commerce"; and (Ground Four) Petitioner was sentenced under an incorrect guideline range because his criminal history score was allegedly a category III, rather than a category VI. (*Id.*)

The Government did not immediately provide a response on the merits of Petitioner's arguments. Rather, it claimed the motion should be transferred to the Sixth

3

Circuit for certification because it was a "second or successive motion" under § 2255(h). (ECF Nos. 2836, 2865.) This Court agreed with the Government and entered an order transferring Petitioner's motion to the Sixth Circuit. (ECF No. 2896.)

The Sixth Circuit responded on February 4, 2019. (ECF No. 2961.) Noting a circuit split on the issue of whether the entry of an amended judgment restarts the count for filing a second or successive motion to vacate, the Sixth Circuit sided with the majority of circuits and ruled against this Court's decision. (ECF No. 2961 at 3.) Thus, the Sixth Circuit held that the § 2255 Petitioner filed after the Amended Judgment was not a "second or successive motion" that would require certification under § 2255(h). (ECF No. 2961 at 3.) Petitioner's motion was therefore remanded back to this Court for further proceedings. (*Id.*)

During the time between December 21, 2016 (the date Petitioner filed the present motion) and March 29, 2019 (the date the mandate from the Sixth Circuit issued), Petitioner filed three motions to amend his § 2255. (ECF Nos. 2856, 2879, 2965.) He also filed three "notices of joinder" in which he sought to "adopt by reference the issues, claims, and legal arguments raised in the § 2255 motions" filed by co-defendants Gary Ball, Jr. and Leonard Moore, Sr. (ECF Nos. 2837, 2878, 2967) (cleaned up.)

In his first motion to amend,[1] filed on February 24, 2017, Petitioner states that he seeks to add three additional claims to his § 2255 motion: (Proposed Ground 5) that Petitioner was improperly subjected to two convictions for the same conduct when he was convicted of substantive racketeering in Count One and racketeering conspiracy in Count

---

[1] Rather than attaching the proposed amended § 2255 to each of his motions to amend, Petitioner filed the proposed amended motions separately. Thus, the Court will at times cite to two separate filings when referring to a single motion to amend.

4

Two; (Proposed Ground Six) that the "dual sovereignty doctrine" precludes his convictions for Counts One and Thirteen; and (Proposed Ground Seven) that his sentencing guidelines were improperly enhanced under two separate provisions for the same conduct. (ECF No. 2857.) Without expansive argument on why the Court should permit the amendment, Petitioner simply stated that "Ground Five [relates] back to Ground Two and Ground Six relates back to Ground One, in which petitioner discovered more evidence to support his [position]." (ECF Nos. 2856.) He noted at the bottom of his proposed amended motion that "Ground Seven relates back to Ground Two."

Petitioner filed his second motion to amend his § 2255 on May 12, 2017. (ECF No. 2879.) This motion sets forth no decipherable arguments as it appears to be missing several pages and does not attach a proposed amended motion. (*See id.*)

More than three years after the Court entered its Amended Judgment, on February 15, 2019, Petitioner filed his most recent motion to amend. (ECF No. 2965.) He cites Federal Rule of Civil Procedure 15(c)(1)(B) in his motion, but provides no argument as to why he believes his latest amendment "relates back" to his original motion. (*See id.*) In his proposed amended motion, Petitioner raises 20 claims of ineffective assistance of trial counsel, six claims of ineffective assistance of appellate counsel, and two "Free-Standing Constitutional Claims," each with two sub-parts.[2]

---

[2] Petitioner claims his trial counsel was ineffective for (1) not requesting a specific unanimity instruction regarding the Michigan murder statute Petitioner was determined to have violated; (2) failing to file a pretrial motion to dismiss the second superseding indictment because it did not "affect commerce"; (3) failing to object to the district court's instruction that a de minimis effect on interstate commerce was sufficient to satisfy RICO's commerce element; (4) failing to object to the jury instruction that conduct which "affect[s]" commerce is limited to conduct detrimental to commerce; (5) failing to make an as-applied constitutional challenge to the RICO statute's application to noneconomic activity; (6) failing to move for a directed verdict of acquittal on the RICO charges because the prosecution did not prove Petitioner participated in the conduct of the enterprise "through a pattern of racketeering activity"; (7) failing to request a directed verdict of acquittal based on the prosecution's alleged failure to prove Petitioner committed Racketeering Acts 8 and 12 as a result of his involvement with the enterprise; (8) failing to request a direct

The Government filed a response in opposition to Petitioner's motion and proposed amendments on July 19, 2019.[3] (ECF No. 2982.) The Government argues Petitioner's § 2255 motion and subsequent amendments should be denied because (1) his claims are procedurally defaulted because he failed to raise them on appeal; (2) the claims in Petitioner's amended motions are time barred; and (3) none of his claims have merit. (*Id.* at PageID.22099.)

## II.   Standard of Review

Section 2255 allows a prisoner in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence."

---

verdict of acquittal based on inadequate evidence to support Count 13; (9) failing to object to the jury instructions on "conduct" and "participate"; (10) failing to object to the jury instruction that "the simple taking of directions" and performance of necessary and helpful tasks was enough to bring Petitioner within the scope of § 1962(c); (11) failing to object to the jury instruction that would suggest Petitioner's "minimal role" was enough for purposes of convicting him under § 1962(c); (12) failing to object to the jury instruction regarding "helpful acts" as opposed to "directing the enterprise's affairs"; (13) failing to object to the jury instruction that "an enterprise is operated not just by upper management, but also by lower rung participants"; (14) failing to file a motion for directed verdict of acquittal based on insufficient evidence to support a conviction under § 1962(c); (15) failing to move for a directed verdict of acquittal because Petitioner did not commit two predicate acts and the prosecution did not prove Petitioner knowingly associated with HMC by agreeing to commit the predicate acts; (16) failing to object to the jury instruction that the prosecution was required to prove the predicate acts were related to one another and threatened continued criminal activity; (17) failing to object to the jury instruction on the RICO pattern requirement; (18) failing to object to the jury instruction that the jury "need not find that these racketeering acts were related to each other" and that the acts had only to be "in some way related to the activities of the enterprise"; (19) failing to move for directed verdict of acquittal on the RICO conspiracy count because the RICO pattern instruction prevented the jury from validly determining whether the requisite pattern existed; and (20) failing to object to the pattern instruction that may have caused the jury to find the conspiracy continued to within five years of the indictment. (ECF No. 2966, PageID.21989-92.) He claims his appellate counsel was ineffective for (1) failing to "include instructions like the ones [Petitioner] now contends [were] required in any request to charge submitted to the district court before or during trial"; (2) failing to "object during the charge conference that the district court's proposed charge included and/or omitted the objectionable language in these instructions, or advise the court that such language should be included or removed from the instructions; (3) forfeiting Petitioner's right to challenge defective instructions on appeal by failing to adequately object during trial; (4) failing to challenge instructional errors that would have resulted in a new trial being ordered; (5) failing to make an argument on appeal regarding *United States v. Waucuash*, 380 F.3d 251, 255 (6th Cir. 2004); and (6) failing to "present all of the foregoing issues, supported by citations to the record and to applicable authority" on appeal. (*Id.* at PageID.21992.) Petitioner's proposed "Free-Standing Constitutional Claims" include (1) a Due Process claim based on the repeal of Mich. Comp. Laws § 750.316; and a Due Process claim based on the alleged vagueness of the phrase "pattern of racketeering activity." (*Id.* at PageID.21992-93.)

[3] The Court did not order and the Government did not provide a response to Petitioner's third motion to amend.

6

28 U.S.C. § 2255(a). To prevail on the motion, a movant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Relief is warranted "only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffin v. United States*, 330 F.3d 733, 736 (2003) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

The petitioner has the burden to prove he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). He "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The Court notes that petitioner is acting *pro se*. "It is ... well-settled that '[t]he allegations of a pro se habeas petition . . . are entitled to a liberal construction. . . .' " *Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017). Therefore, the Court will liberally construe Petitioner's motions.

### III.  Analysis

The Court considers each of Petitioner's motions in turn, starting with Petitioner's motions to amend his § 2255 motion and motions for joinder, then moving to the present § 2255 motion, and finally considering Petitioner's motion to compel.

#### A.  Motions to Amend

Eighteen U.S.C. § 2255(f) creates a one-year limitations period for habeas petitions filed by persons in custody pursuant to a federal court judgment. The one-year statute of limitations period begins, with exceptions not applicable here, on the date on

7

which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, Whiting's conviction became final 14 days after entry of the Amended Judgment—on January 4, 2016. Fed. R. App. P. 4(b)(1)(A)(i). *See also Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (holding that an unappealed federal criminal judgment becomes final upon the expiration of the time period in which the defendant could have filed an appeal, according to Fed. R. App. P. 4(b)(1)(A)). Petitioner timely filed his § 2255 motion on December 21, 2016, just 14 days shy of the one-year deadline. He then sought to amend the motion on February 24, 2017, May 12, 2017, and February 15, 2019. (ECF Nos. 2827, 2856, 2879, 2965.) In addition, Petitioner moved for "joinder" with certain § 2255 motions brought by his co-defendants on three occasions: January 23, 2017, May 12, 2017, and February 15, 2019. (ECF Nos. 2837, 2878, 2967.) The Court construes these as additional motions to amend Petitioner's § 2255 motion. The Government argues Petitioner's motions to amend should be denied as time-barred because the new claims he seeks to add do not "relate back" to his original pleading. (ECF No. 2982, PageID.22105-07.)

Motions to amend a § 2255 motion are governed by Rule 15 of the Federal Rules of Civil Procedure. *Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001) (citing 28 U.S.C. § 2242 ¶ 3.) This Rule instructs courts to freely grant leave "when justice so requires. . . ." Fed. R. Civ. P. 15. When evaluating the requirements of justice, courts consider several factors: whether there was undue delay in filing, any lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. *Id.* (quoting *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998)).

Additionally, to the extent that a motion to amend seeks to raise entirely new claims for relief, it is subject to the same one-year limitation applicable to a § 2255 motion. *Id.* at 570. Any proposed amendment filed after the deadline has run will therefore be denied as time barred unless it "relates back" pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Rule 15(c) provides that an amendment relates back to an original pleading when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out— in the original pleading[.]" Fed.R.Civ.P. 15(c)(1)(B). In *Mayle*, the Supreme Court explained that this language should be interpreted narrowly in this context— an amended § 2255 does not relate back where it asserts a new ground for relief supported by facts that differ from those in the original motion. 545 U.S. at 650. Instead, the claims in the original and amended motions must be "tied to a common core of operative facts." *Id.* at 664.

Petitioner's motions to amend his § 2255 are denied because the interests of justice weigh against allowing the amendments and because his amended grounds for relief do not "relate back" to his original motion. First, the Court finds that the combination of undue delay, futility, and undue prejudice to the Government require denial of Petitioner's proposed amendments. Petitioner moved to amend his original § 2255 after the one-year deadline had expired, and in the case of his third motion to amend, more than three years after the Amended Judgment was entered. This delay in filing was unnecessary as Petitioner's trial concluded years earlier and his asserted grounds for relief all arose on or about the time of trial or sentencing. The delay also prejudiced the

Government as Petitioner filed his final motion to amend after the Government responded to his original § 2255 and first motion to amend.

Moreover, Petitioner's motions to amend are futile as his claims have no merit and his underlying legal claims are procedurally defaulted. At the outset, the Court notes it has already denied the motions brought by Leonard Moore, Sr. (ECF No. 2866) and Gary Ball, Jr. (ECF NO. 2818) that Petitioner wishes to join so Petitioner's proposed "joinder" with those defendants' claims is futile. (*See* ECF Nos. 2917, 2945.) Petitioner's individual proposed claims are also futile. First, Petitioner's proposed "multiplicitous convictions" claim would fail because a charge of conspiracy and an associated substantive offense are two distinct offenses. *See United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017). His proposed "dual sovereignty doctrine" claim would fail because Petitioner has not shown that he was prosecuted a second time for the same criminal conduct and, even if he was, the dual sovereignty doctrine holds that a second prosecution does not violate the double jeopardy clause if the prosecutions are brought by different sovereigns. *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1870 (2016). Petitioner's proposed claim that his sentencing guidelines were improperly enhanced under two separate guideline provisions would fail because this type of claim is not cognizable in a § 2255 motion. *See Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018). And finally, Petitioner's claims of ineffective assistance of counsel would fail because Petitioner has not shown deficiency or prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Court also denies Petitioner's motions to amend as nearly all of Petitioner's proposed amendments are time-barred under *Mayle* because they do not relate to the "common core of operative facts" Petitioner relies upon in his original motion. In the

original motion, Petitioner argues legal theories related to jurisdiction, lack of a special verdict form, incorrect jury instructions, and reliance upon an inaccurate criminal history category at sentencing. (ECF No. 2827.) By contrast, his motions to amend are based on alleged errors involving multiplicity, double jeopardy, use of an improper sentence enhancement, the Due Process Clause, and 26 instances of ineffective assistance of counsel. (ECF Nos. 2857, 2966). Each of these claims, arguably except for two,[4] present new and unique legal theories based on different factual assertions than what Petitioner included in his original motion. Thus, the claims do not satisfy Rule 15(c). *See Mayle*, 545 U.S. at 664.

Petitioner's three motions to amend his § 2255 motion are therefore denied and the Court will consider only the claims included in Petitioner's December 21, 2016 motion.

B.    **Procedural Default**

The Government contends that Petitioner's § 2255 motion should be denied because, among other things, his claims are procedurally defaulted. (ECF No. 2982, PageID.22103.) Petitioner failed to raise his claims in the district court, failed to raise them in his first appeal, and failed to file a second appeal after he was resentenced in 2015. Petitioner responds by referring to argument he presented in support of his ineffective assistance of counsel claims in his proposed amended § 2255, but this argument does not apply to the claims or motion presently before the Court. (ECF No. 2984.)

---

[4] Two of Petitioner's ineffective assistance of counsel claims in his proposed third amended motion seemingly relate to facts alleged by Petitioner in grounds one and two of his original motion. (See ECF Nos. 2827, 2966.) Nevertheless, the Court denies Petitioner's motion to amend to include these claims in the interests of justice as described herein. Notably, Petitioner sought to amend his motion to include these particular claims over three years after entry of the Amended Judgment. The claims are also futile as Petitioner has not established deficiency or prejudice.

11

It is well established that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 167-68). Claims that could have been raised on direct appeal, but were not, will not be entertained via a § 2255 motion unless the petitioner shows cause and actual prejudice to excuse his failure to raise the claims previously, or that he is actually innocent of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Even then, a petitioner who seeks collateral review relief after failing to assert his claims previously "must clear a significantly higher hurdle than would exist on direct appeal." *Id.*

Petitioner does not claim to be actually innocent, so he must show cause and prejudice to overcome the procedural default. *See id.* "Cause requires a showing that 'some objective factor external to the defense' prevented him from raising the issue earlier, and prejudice requires that the alleged error worked to Defendant's 'actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " *United States v. Samonek*, No. 12-14703, 2014 WL 2931829, at *2 (E.D. Mich. June 30, 2014) (citing *Coleman v. Thompson,* 501 U.S. 722, 753 (1991); *Frady,* 456 U.S. at 170).

All of the arguments Petitioner raises (a lack of jurisdiction, no use of a special verdict form, incorrect jury instructions, incorrect criminal history category at sentencing) would have been known to him at the time of his conviction or sentence. Petitioner could have raised these claims in his first appeal or in a direct appeal to the Sixth Circuit after his resentencing, but he did not do so. Moreover, Petitioner cites no external factor that prevented him from raising these arguments sooner. He therefore fails to meet the "cause" requirement. He also fails to meet the "prejudice" requirement because, as

discussed more below with regard to the merits of his claims, he has not shown an "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *See Samonek*, 2014 WL 2931829, at *2.

### C. Petitioner's Claims Lack Merit

Even if Petitioner's claims were not procedurally defaulted, his § 2255 motion would still be denied as his claims do not have merit.

Petitioner's Ground One claim that the government lacked jurisdiction to prosecute him for Count Thirteen because conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959, does not contain an element involving interstate commerce is foreclosed by *United States v. Riddle*, 249 F.3d 529 (6th Cir. 2001). (*See* ECF No. 2827, PageID.20612.) The Sixth Circuit held in *Riddle* that jurisdiction is proper if the violent act (here, conspiracy to murder) was connected to a racketeering "enterprise which has a de minimis interstate commerce connection." 249 F.3d at 538. The lack of an interstate element in § 1959 therefore does not invalidate Petitioner's prosecution. *See United States v. Mills*, 378 F.Supp.3d 563, 573 (E.D. MI 2019) ("the focus is on whether the enterprise, not the act of violence, had a sufficient connection to interstate commerce"). Petitioner's § 2255 motion does not allege that his racketeering enterprise (which was the subject of his conviction in Count One) did not have a de minimis interstate commerce connection nor does he allege that the murder conspiracy had nothing to do with the enterprise.

Petitioner's Ground Two claim that this Court erred by not requiring the jury to make a special finding as to whether his conspiracy to murder involved premeditation and deliberation is also baseless. (*See* ECF No. 2827, PageID.20613.) The verdict form asked

13

the jury to make findings with respect to Petitioner's guilt as to three specific racketeering acts charged in the Second Superseding Indictment, two of which were for conspiracy to commit first degree murder in violation of M.C.L. § 750.316(1), which carries a punishment of life imprisonment without parole. (ECF No. 1470, PageID.5114.) In both cases, the jury found that those facts had been proven. (*Id.*) First degree murder in Michigan requires that the killing be "willful, deliberate, and premeditated," *People v. Bowman*, 656 N.W. 2d 835 (Mich. App. 2002), and the jury in Whiting's trial was instructed accordingly. (ECF No. 1962, PageID.12457-58, *trial transcript*.) Therefore, there was no need for a special finding as to premeditation; the jury's finding on the special verdict form was sufficient to trigger the statutory maximum of life imprisonment under § 1963(a).

Petitioner's Ground Three claim that this Court improperly instructed the jury on Count Forty-Seven (receipt of stolen vehicles, in violation of 18 U.S.C. § 2313) is also without merit. (ECF No. 2827, PageID.20615). Section 2313 makes it a crime to receive a motor vehicle "which has crossed a State or United States boundary after being stolen, knowing the same to have been stolen . . . ." This Court specifically instructed the jury that the government had to prove beyond a reasonable doubt that: "One, the defendant acted knowingly and intentionally; two, the defendant received or took possession of the stolen motor vehicle; three, the defendant knew the vehicle was stolen; four, the vehicle had been stolen in another state." (ECF No. 1962, PageID.12459-60, 12477). These instructions properly set forth the elements of the offense.

Finally, Petitioner's Ground Four sentencing guidelines claim (that his criminal history category was wrong) is not cognizable in a § 2255 motion. *Snider*, 908 F.3d at 189 (a challenge to an advisory guideline range "is not cognizable under § 2255"); *United*

14

*States v. Delaney*, 2016 WL 1258960, *3 (E.D. MI 2016) (Hood, C.J.) ("[s]ection 2255 does not apply to errors in calculation of the Sentencing Guidelines 'absent a complete miscarriage of justice.'") (quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)). Thus, each claim in Petitioner's § 2255 motion lacks merit.

### IV.  Motion to Compel

On May 12, 2017, Petitioner moved the Court to compel the production of certain transcripts, records, and evidence from the Government. (ECF No. 2877.) He states that his counsel obtained discovery from the government but that he has been unsuccessful in his attempts to personally acquire the evidence either from his own counsel or from the prosecution.

Petitioner has not shown that all of the records he requests exist. Additionally, he has not shown he is entitled to the items he requests as the rules and authority to which he cites do not apply here. *See* Fed. R. Crim. P. 12.1, 16, 26.2. Additionally, at the time Petitioner filed his motion to compel, he had already filed his § 2255 motion, two motions to amend, and a motion for joinder. He has now filed even more motions in which he does not mention outstanding discovery. Thus, Petitioner has not shown that he needs these items for any particular purpose or motion. Petitioner's motion to compel is therefore DENIED AS MOOT.

### V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c).  Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to "issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted). Because Petitioner has failed to show that reasonable jurists could debate whether his petition should have been resolved in a different matter, the Court denies him a certificate of appealability.

### VI. Conclusion

For the foregoing reasons, Petitioner's § 2255 motion and his motions to amend, and for joinder (ECF Nos. 2827, 2837, 2856, 2878, 2879, 2965, 2967) are **DENIED.** Petitioner's motion to compel (ECF No. 2877) is **DENIED AS MOOT**. Because the records of the case show "conclusively that Petitioner is entitled to no relief" on his claims, 28 U.S.C. § 2255(b), the Court declines to hold an evidentiary hearing.

**SO ORDERED.**

                                                                        s/Nancy G. Edmunds
                                                                       Nancy G. Edmunds
                                                                       United States District Judge

Dated: September 14, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2022, by electronic and/or ordinary mail.

<pre>                          s/Lisa Bartlett
                          Case Manager</pre>